IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHEDRICH HOWARD AND VICTORIA ANAKANI,** | § § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO. 4:19-CV-04353** |
| **v.** | § § | **JURY** |
| **ALLSTATE INSURANCE COMPANY,** | § § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Allstate Insurance Company ("Allstate" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### 1.   *Procedural Background*

1.    On or about September 27, 2019, Plaintiffs filed Plaintiffs' Original Petition in the matter styled: *Chedrich Howard and Victoria Anakani vs. Allstate Insurance Company;* Cause No. 2019-71011; In the 113th Judicial District Court of Harris County, Texas, in which Plaintiffs made claims for damages under their homeowner's insurance policy with Allstate following a severe weather event.  Allstate's registered agent received the Citation and Petition on or about October 7, 2019.  Defendant files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

2.    Attached hereto as **Exhibit "A"** is the Index of Matters Being Filed.  A copy of the Harris County Clerk's file for this case is attached as **Exhibit "B"**, which includes true and correct

copies of all executed process, pleadings and any signed orders. Attached hereto as **Exhibit "C"** is the List of Counsel of Record.

## II.   *Bases for Removal*

3.   Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4.   Plaintiffs are, and were at the time the lawsuit was filed, citizens of the State of Texas. *See* Plaintiffs' Original Petition, ¶2.

5.   Defendant Allstate Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

6.   In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

7. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiffs' Original Petition clearly states that Plaintiffs seek monetary relief over $1,000,000. *See* Plaintiffs' Original Petition, ¶4. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III. *The Removal is Procedurally Correct*

8. Allstate was first served with the petition on or about October 7, 2019. Allstate files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Harris County promptly after Allstate files this Notice.

Respectfully submitted,

By: */s/Jay Simon*
    Jay Scott Simon
    State Bar No. 24008040
    Southern District No. 31422
    jsimon@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that on November 5, 2019, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

Daniel P. Barton
Wayne D. Collins
THE BARTON LAW FIRM
1201 Shepherd Dr.
Houston, TX 77007
dbarton@bartonlawgroup.com
wcollins@bartonlawgroup.com
eservice@bartonlawgroup.com

    */s/Jay Simon*
    Jay Scott Simon

7462622v1
03647.770