**HCDistrictclerk.com**    HOWARD, CHEDRICH vs. ALLSTATE INSURANCE    11/5/2019
COMPANY
Cause: 201971011    CDI: 7    Court: 113

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | |
|---|---|
| File Date | 9/27/2019 |
| Case (Cause) Location | |
| Case (Cause) Status | Active - Civil |
| Case (Cause) Type | BUSINESS DISSOLUTION |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 9/30/2019 |

| CURRENT PRESIDING JUDGE | |
|---|---|
| Court | 113th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686113 |
| JudgeName | RABEEA COLLIER |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| HOWARD, CHEDRICH | PLAINTIFF - CIVIL | | COLLINS, WAYNE DONALD |
| ALLSTATE INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY S. |

## EXHIBIT B

| ANAKANI, VICTORIA | PLAINTIFF - CIVIL | COLLINS, WAYNE DONALD |
| --- | --- | --- |
| ALLSTATE INSURANCE COMPANY MAY BE SERVED THROUGH ITS REGISTERED | REGISTERED AGENT | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 10/25/2019 | ANSWER ORIGINAL PETITION | | 0 | | | SIMON, JAY S. | ALLSTATE INSURANCE COMPANY |
| 9/30/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | | |
| 9/27/2019 | ORIGINAL PETITION | | 0 | | | COLLINS, WAYNE DONALD | ANAKANI, VICTORIA |
| 9/27/2019 | ORIGINAL PETITION | | 0 | | | COLLINS, WAYNE DONALD | HOWARD, CHEDRICH |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE INSURANCE COMPANY MAY BE SERVED THROUGH ITS REGISTERED | 9/30/2019 | 10/2/2019 | 10/7/2019 | | 10/9/2019 | 73679121 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
| --- | --- | --- | --- | --- |
| 87805880 | Defendant Allstate Insurance Company's Original Answer and Jury Demand | | 10/25/2019 | 4 |
| 87529437 | Citation (Allstate Insurance Company) | | 10/09/2019 | 1 |
| 87421070 | Civil Process Pick-Up Form | | 10/02/2019 | 1 |
| 87369632 | Civil Process Request | | 09/30/2019 | 1 |
| 87369633 | LETTER TO THE CLERK | | 09/30/2019 | 1 |
| 87356388 | PLAINTIFF'S ORIGINAL PETITION | | 09/27/2019 | 13 |

9/27/2019 5:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37212274
By: Joshua Hall
Filed: 9/27/2019 5:59 PM

# 2019-71011 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| **CHEDRICH HOWARD AND VICTORIA ANAKANI** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | **__ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

CHEDRICH HOWARD AND VICTORIA ANAKANI ("Plaintiffs"), complains of

ALLSTATE INSURANCE COMPANY and ("Defendants") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure. This case involves complex issues and will require extensive discovery.

Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a

discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff(s) reside in Harris County, Texas.

3.      Defendant Allstate Insurance Company is an insurance company engaging in the business

of insurance in Texas. This defendant may be served with process through its registered agent CT

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. The Clerk is requested

to issue Citations, immediately.

### III.
### JURISDICTION

4.      Plaintiff seeks monetary relief over $1,000,000, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5.      The court has jurisdiction over Defendants because these Defendants engage in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

6.      Venue is proper in Harris County, Texas, because the insured Properties giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

7.      Defendants have been provided notice, in writing, of the Claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

8.      All conditions precedent necessary to maintain this action and the Claims under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

9.      Plaintiff is the owner of certain real Properties with improvement (including Plaintiffs' homes):

    a.      CHEDRICH HOWARD, 14207 NOAH LANDING LANE HOUSTON TX 77047;

B.   VICTORIA ANAKANI, 7010 CLUSTERING OAK COURT RICHMOND, TX
     77407.

(the "Properties"). The Properties was insured by insurance policy number issued by Defendants
(the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

10.     On or about during the time of Hurricane Harvey, or another time when the Policy was in
effect, a severe storm caused substantial damage to the Properties and constituted a covered loss
under the Policy. After the loss, Plaintiff made a Claims and demand for payment on Defendants
for damages to the Properties and other damages covered by the terms of the Policy (the "Claims").
After Plaintiff made the Claims, Defendants assigned or otherwise retained its employees and/or
agents Defendant Adjustors to work on Plaintiff's Claims. All Defendants failed to comply with
the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claims. Further,
Defendants has refused to pay all amounts due and owing under the Policy for the Claims.

11.     Defendant Adjustors made numerous errors in estimating the value of Plaintiff's Claims,
all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.
Defendant Adjustors failed to fully quantify Plaintiff's damages, thus demonstrating that this
defendant did not conduct a thorough investigation of Plaintiff's Claims. Defendant conducted a
substandard investigation of Plaintiff's Claims, evidenced by the estimate issued by Defendant
Adjustors and relied upon by Defendant Adjustors. The damage estimate failed to include all
damages to Plaintiff's Properties. The damages Defendant Adjustors included in the estimate were
grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the
damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment
of the Claims, including the inspection of the Properties, which ultimately led to approving an

improper adjustment and an inadequately unfair settlement of Plaintiff's Claims. Further, Defendant Adjustors knowingly and intentionally overlooked damages at the Properties and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's Claims. Because of Defendant Adjustor's conduct, Plaintiff's Claims was underpaid and partially-denied.

12.     Defendants failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendants refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendants' conduct constitutes a breach of the contract between Defendants and Plaintiff.

13.     All Defendants misrepresented to Plaintiff that much of the damage to the Properties was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

14.     All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claims, when State Farm's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

15.     All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to

adequately settle Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

16.   All Defendants failed to affirm or deny coverage of Plaintiff's Claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

17.   All Defendants refused to fully compensate Plaintiff for the Claims without conducting a reasonable investigation of the Claims. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

18.   Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's Claims, beginning an investigation of Plaintiff's Claims and requesting all information reasonably necessary to investigate Plaintiff's Claims within the statutorily mandated time of receiving notice of Plaintiff's Claims. Defendant State Farm's conduct constitutes a violation of TEX.INS.CODE §542.055.

19.   Defendants failed to accept or deny Plaintiff's full and entire Claims within the statutorily mandated time of receiving all necessary information. Defendant State Farm's conduct constitutes a violation of TEX.INS.CODE §542.056.

20.   Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of Claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's Claims longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.058.

21.    From and after the time Plaintiff's Claims was presented to Defendant State Farm, the liability of Defendants to pay the full Claims in accordance with the terms of the Policy was reasonably clear. However, Defendants has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

22.    All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

23.    Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANTS

24.    Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**A.     Breach of Contract.**

25.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendants. Defendants breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendants' breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendants are estopped from raising the issue due to Defendants' prior breach of the insurance contract.

**B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

26.     The conduct, acts, and/or omissions by Defendants constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

28.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though Defendant State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

29.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claims, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance.
TEX.INS.CODE §541.060(3).

30. Defendants' unfair settlement practice, as described above, of failing within a reasonable
time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to
Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice
in the business of insurance. TEX.INS.CODE §541.060(4).

31. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's
Claims without conducting a reasonable investigation, constitutes an unfair method of competition
and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE
§541.060(7).

32. Defendants' conduct described above compelled Plaintiff to initiate a lawsuit to recover
amounts due under its policy by offering substantially less than the amount ultimately recovered.
Defendants refused to even offer more than its own grossly undervalued estimates despite actual
damages which were much greater. This continued failure compelled Plaintiff to file suit.
TEX.INS.CODE §542.003(5).

### C. Prompt Payment Of Claims Violations.

33. The Claims is a Claims under an insurance policy with Defendants of which Plaintiff gave
Defendants proper notice. Defendants is liable for the Claims. Defendants violated the prompt
payment of Claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claims, commence investigation of the Claims,
      and/or request from Plaintiff all items, statements, and forms that Defendants
      reasonably believed would be required within the time constraints provided by TEX.
      INS. CODE §542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claims within
      the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c) Delaying payment of the Claims following Defendant State Farm's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34. Defendants' violations of these prompt payment of Claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

## D. Breach Of The Duty Of Good Faith And Fair Dealing.

35. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claims when Defendants knew or should have known that its liability to Plaintiff was reasonably clear. Defendants' conduct proximately caused Plaintiff injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST
## DEFENDANT ADJUSTORS

36. Defendant Adjustors is an insurance adjuster that was assigned or otherwise engaged by Adjustors to adjust the Claims.

## A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

37. The conduct, acts, and/or omissions by Defendant Adjustors, while adjusting the Claims constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

38. Defendant Adjustors is individually liable for unfair and deceptive acts, irrespective of the fact this Defendant was acting on behalf of Defendant Adjustors, because Defendant Adjustors is a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2)

(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

39.     The unfair settlement practices of Defendant Adjustors, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.     The unfair settlement practices of Defendant Adjustors, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims. even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.     TEX.INS.CODE §541.060(2)(A).

41.     The unfair settlement practices of Defendant Adjustors, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's Claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(3).

42.     The unfair settlement practices of Defendant Adjustors as described above, in failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(4).

43.     The unfair settlement practices of Defendant Adjustors, as described above, in refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.     The unfair settlement practices of Defendant Adjustors, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Adjustors refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

45.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

46.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claims, together with attorney fees.

48.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of

the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claims, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's Claims as damages, together with attorney's fees. TEX.INS.CODE §542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

51. For the prosecution and collection of this Claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### XI.
### JURY DEMAND

52. Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

### XII.
### REQUEST FOR DISCLOSURE

53. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

54.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BARTON LAW FIRM**

By:     */s/ Wayne D. Collins*
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
WAYNE D. COLLLINS
State Bar No. 00796384
wcollin@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
Email for Service: eservice@bartonlawgroup.com

CAUSE NO.  201971011

| RECEIPT NO. | 0.00    CIV |
|---|---|
| .......... | TR # 73679121 |

| PLAINTIFF: HOWARD, CHEDRICH | In The   113th |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE INSURANCE COMPANY | of Harris County, Texas |
| | 113TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris


TO: ALLSTATE INSURANCE COMPANY MAY BE SERVED THROUGH ITS REGISTERED
    AGENT CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS TX  75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 27th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 2nd day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX  77007
Tel: (713) 227-4747
Bar No.: 789774

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CHAMBERS, WANDA  ULM//11344424

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____County, Texas

                                        By _____
_____                  Deputy
        Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
        Notary Public

N.IUT.CITR.P                    *73679121*

10/25/2019 6:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37989948
By: Devanshi Patel
Filed: 10/25/2019 6:45 PM

**CAUSE NO. 2019-71011**

| | | |
|---|---|---|
| **CHEDRICH HOWARD AND VICTORIA ANAKANI,** | § §§ | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE INSURANCE COMPANY,** | § § | |
| *Defendant.* | § | **113TH JUDICIAL DISTRICT** |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Insurance Company ("Allstate" or "Defendant"), and files this its Original Answer to Plaintiffs' Original Petition and would respectfully show unto the Court the following**:**

**I.
ORIGINAL ANSWER**

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.
VENUE**

2.      Defendant objects to the venue regarding Plaintiff Victoria Anakani ("Anakani"). Plaintiffs' Original Petition states Anakani's property address is 7010 Clustering Oak Court, Richmond, Texas 77407.  Said property is located in Fort Bend County, not Harris County where this suit was filed.  As such, the venue for this Plaintiff is improper.

1

### III.
### <u>CHAPTER 542A DEFENSES</u>

3.      Based upon the allegations contained in Plaintiffs' Petition that Hurricane Harvey was the cause of their claims and the date the suit was filed, Chapter 542A of the Texas Insurance Code applies to this action.

4.      Additionally, and separately, Defendant pleads, and will prove, that Defendant was entitled to, but was not given, pre-suit notices complying with the provisions of Chapter 542A.

5.      Accordingly, under §542A.007(d), the court may not award to Plaintiffs any attorney's fees incurred after the date Defendant initially pleaded application of §542A.007(d).

### IV.
### <u>INCORRECT DEFENDANT</u>

6.      Neither property listed in Plaintiffs' Petition was insured by Allstate Insurance Company.  Both were insured by Allstate Vehicle and Property Insurance Company, a separate legal entity.  Furthermore, in some areas, the Petition refers to State Farm, and it is unclear the relation of that entity to the case.

### V.
### <u>SPECIAL EXCEPTION</u>

7.      Defendant specially excepts to Plaintiffs' Petition as it refers to Defendants as a plural and seems to address several categories of defendants including "all defendants" or "defendant adjustors" of which none are named.  Specifically, paragraphs 36-44 appear to bring causes of action against these unnamed and unserved "parties".  Further, State Farm is mentioned as an insurance company therein.  As such, the Petition is vague and unclear and cannot be properly responded to.  Additionally, the Petition also refers to Plaintiff as a singular whereas there are multiple Plaintiffs with separate and distinct properties; as such, it cannot be determined which Plaintiff is asserting which allegations.

2

## VI.
## <u>DEMAND FOR JURY TRIAL</u>

8.      Defendant herein makes demand for a jury trial in this case and believes Plaintiffs have paid the appropriate jury fee.

## V.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Insurance Company prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   _/s/ Jay Simon_

**Jay Scott Simon**
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE INSURANCE COMPANY**

3

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 25, 2019, a true and correct copy of the foregoing was served upon the following known counsel of record in accordance with the Texas Rules of Civil Procedure:

Daniel P. Barton
Wayne D. Collins
THE BARTON LAW FIRM
1201 Shepherd Dr.
Houston, TX  77007
dbarton@bartonlawgroup.com
wcollins@bartonlawgroup.com
eservice@bartonlawgroup.com


*/s/ Jay Simon*
Jay Scott Simon

4